UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

THOMAS JAMES SCHRODER,

        Petitioner,

        v.                        Case No. 13-C-0259

JUDY P. SMITH,

        Respondent.

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SUPPLEMENT AND EXPAND THE RECORD (DOCS. 18, 21), DEEMING ONE MOTION FOR EXTENSION OF TIME WITHDRAWN (DOC. 20), AND GRANTING MOTION FOR EXTENSION OF TIME (DOC. 22)

      Before this case was assigned to this court, Magistrate Judge Aaron E. Goodstein ordered Judy P. Smith to respond to the 28 U.S.C. § 2254 habeas petition filed by Thomas James Schroder. Smith complied by filing an answer and transcripts from two hearings. (Docs. 11, 13.) She expressed her belief that these transcripts were the only ones material to Schroder's claims. Smith also filed briefs from Schroder's proceedings in the Wisconsin Court of Appeals, the relevant decision of that court, and the Supreme Court of Wisconsin's order denying Schroder's petition for review.

      Subsequently, Schroder requested an order directing Smith to file seven categories of materials from the state-court record. (Doc. 18) He repeated the motion almost verbatim in a second document. (Doc. 21.) Smith has filed no opposition to either motion.

      Rule 5(c) of the Rules Governing § 2254 Cases provides that after the respondent files the transcripts he or she deems relevant, the judge may order that the respondent furnish other parts of existing transcripts or have untranscribed proceedings transcribed

and filed. Further, Rule 7 permits expansion of the record with additional materials the district judge deems relevant to the petition.

First, Schroder asks for all correspondence from him to the state trial court; he contends that the documents are relevant to his claims of ineffective assistance of counsel and his request to withdraw his pleas and maintains that they were referred to in a motion hearing regarding withdrawal of the plea. The transcript from the plea withdrawal hearing confirms that Schroder contacted the court about his attorney's representation. (Doc. 13, Tr. 2 at 21, 23.) This court is persuaded that these material should be provided in this case to flesh out Schroder's ineffective assistance of counsel claim and compare his allegations to the testimony of his attorney at the motion for plea withdrawal.

Next, Schroder asks for transcripts of the trial proceedings because they were referred to during the plea withdrawal hearing. (It appears that Schroder pled guilty after the first day of trial.) He points to page 21 of the transcript of the plea withdrawal hearing, but this court sees nothing on that page that suggests the trial testimony or proceedings will have any bearing on Schroder's claims in this court. Nothing provided to this court so far suggests that the trial transcript contains anything relevant to claims of ineffective assistance of counsel, involuntary plea, violation of the plea agreement, a DNA surcharge, the presentence investigation report, or due process. Consequently, the request for these transcripts will be denied.

Third, Schroder asks for a copy of a motion for discovery that he filed in state court on or about June 17, 2010. He contends that this motion is "highly relevant to the constitutional validity of petitioner's pleas and the claim of ineffective assistance of counsel, as well as the question whether petitioner was afforded an adequate opportunity to present

2

his claims in the state courts." (Doc. 18 at 3.) Fourth, Schroder asks for the state trial court's order denying that motion. However, Schroder's judgments of conviction were signed on October 8, 2008. (Doc. 11, Exs. A, B.) A motion filed two years after conviction appears to have no relevancy to whether counsel was ineffective regarding Schroder's plea, whether Schroder was denied due process prior to conviction, etc. Nor would the court order on the motion have any bearing on what occurred two years earlier. These documents will not need to be produced.

Fifth, Schroder asks for a copy of his motion for postconviction relief under Wis. Stat. § 974.02, including exhibits. The motion and exhibits may be relevant inasmuch as they preceded direct appeal, they concern the voluntariness of Schroder's plea, and Schroder attached a copy of the order denying the motion to his petition. This document should be produced by respondent.

Sixth and seventh, Schroder asks for the filing of a DVD of the interview of a child victim, which was played at trial on January 14, 2008, and transcription of a related interview because it was not transcribed as part of the trial proceedings and because Schroder has no means of viewing the DVD. Schroder contends that this DVD is crucial for his claim of ineffective assistance of trial counsel. Schroder alleges in his ineffective assistance of counsel claim that all three of his trial-court attorneys failed to discuss strategy and communicate with him and failed to provide him with full discovery. In addition, he asserts that his third attorney failed to challenge his second attorney's testimony during a plea withdrawal hearing. (Doc. 1 at 6-7.) The contents of this DVD appear to have no bearing on these contentions. However, Schroder also claims that the prosecutor withheld exculpatory evidence (Doc. 1 Ex. 5 ground 7), notes in his petition and

3

argues in his brief that one of the items of evidence not provided was the DVD. But the contents of the DVD—here, an interview of a child witness in a sexual assault case—are not necessary for the habeas file. Schroder saw the DVD at trial and can argue his points without this court viewing the actual interview or reading a transcript.

In addition to seeking items from Smith, Schroder asks for permission to expand the record by filing a complete copy of all discovery materials provided to him by trial counsel or obtained by him post-sentencing. Such a filing would be excessive and likely substantially irrelevant. Schroder's alleged grounds for relief are specific and limited to counsel's performance, the voluntariness of his plea, statements made and the presentence investigation report used at sentencing, a DNA surcharge, and the state's alleged failure to provide exculpatory evidence. This court does not need *all* discovery from the case to determine any of these matters. (As for the exculpatory evidence claim, only post-trial evidence would be relevant in any event.) Schroder can discuss specific items of evidence in his reply brief. Then, if the court believes that viewing the actual evidence is necessary it can consider ordering production of certain items. But production of *all* evidence from the criminal case is not desirable. Federal habeas cases are not appeals of state criminal cases but rather a review of what the state and court did, and those facts are generally found in the record of proceedings, not in the discovery assembled by the state.

However, with that in mind, this court requires respondent to file an additional document not mentioned by Schroder in his motion: the sentencing transcript. Ground four alleges that the prosecutor violated the plea agreement with statements at sentencing.

4

Ground six asserts problems with the presentence investigation recommendation. Both grounds draw into play matters addressed at sentencing.

A few issues remain. A review of respondent's answer reveals no response to Schroder's grounds five through seven. The grounds may have been overlooked because they were set forth on additional sheets of paper that followed the exhibits, so when the clerk's office scanned the documents in and e-filed them, they fall at the end of the exhibits rather than the petition. (*See* Doc. 1, Exs.) Smith will be allowed to file a supplement to her answer regarding these claims.

Further, while Magistrate Judge Goodstein indicated that the filing of a brief by respondent was optional (and Smith did not exercise the option), this court will require a brief in which Smith should reference the standard of review, point the court to what he sees as pertinent law and sections of the record, and argue respondent's position in this case.

Magistrate Judge Goodstein indicated that Schroder could file a reply to the answer and/or brief. Following the filing of Smith's answer, Schroder moved for an extension of time to prepare his reply to the answer. (Doc. 20.) He then replaced that motion with another. (Doc. 22; *see* Doc. 22 Ex. 1 Letter ("Please disregard Motion for Extended Time for reply dated July 29, 2013.")) Schroder says that the inmate who was assisting him needed thirty to forty-five days for preparing the reply. The court notes that Schroder has since been moved from Oshkosh Correctional Institution to Green Bay Correctional Institution, so it is unclear whether the assisting inmate (or some other inmate) will still assist him. Hence, the court will grant him additional time following receipt of Smith's supplemental answer and brief within which to mail his reply. Therefore,

5

IT IS ORDERED that Schroder's motions to supplement and expand the record (Docs. 18, 21) are granted in part and denied in part; respondent must file the items covered in ¶ 10.A. and E. of Schroder's motions as discussed above; the motion is otherwise denied

IT IS FURTHER ORDERED that respondent file a copy of the sentencing transcript.

IT IS FURTHER ORDERED that all supplemental documents required by this order be filed in the record by respondent within forty-five days.

IT IS FURTHER ORDERED that Schroder's first motion for an extension of time to file his reply (Doc. 20) is deemed withdrawn and moot.

IT IS FURTHER ORDERED that Schroder's amended motion for an extension of time to file his reply (Doc. 22) is granted.

IT IS FURTHER ORDERED that within sixty days respondent must file (1) a supplemental answer responding to Schroder's allegations in grounds five through seven and (2) a brief in opposition to Schroder's petition and brief.

IT IS FURTHER ORDERED that within forty-five days of respondent's answer Schroder may file a reply brief.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2013.

> BY THE COURT
>
> /s/ C.N. Clevert, Jr.
> C.N. CLEVERT, JR.
> U.S. DISTRICT JUDGE