# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

THOMAS JAMES SCHRODER,

        Petitioner,

        v.                            Case No. 13-C-0259

BRIAN FOSTER,[1]

        Respondent.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

Thomas Schroder petitions under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his convictions for second-degree sexual assault of a child, which stem from two consolidated cases. Schroder was convicted in Milwaukee County Circuit Court and sentenced to a total of eight years of confinement and twelve years of extended supervision.[2]

Schroder's grounds for relief are: (1) an ineffective-assistance-of-counsel claim regarding various errors by two different attorneys; (2) a claim that Schroder's no-contest plea was entered unknowingly and involuntarily due to his failure to understand the elements that needed to be proved and not being informed of possible civil commitment under Wis. Stats. ch. 980; (3) a claim that his plea withdrawal request was improperly denied; (4) a claim that the state violated the plea agreement; (5) a claim that he was improperly assessed a DNA surcharge; (6) a claim that counsel failed to object to the

---

[1] It appears that petitioner has been released from Foster's custody onto extended supervision. However, the court leaves Foster as the respondent for the sake of convenience, because the identity of the state official supervising Schroder is not in the record.

[2] Each sentence was for four years of confinement and six years of extended supervision. The sentences were made consecutive, resulting in the twenty-year total sentence.

presentence investigation report's recommendation upon which the circuit placed too much reliance; and (7) a claim that Schroder's due process right was violated because certain evidence was withheld by the defense.

Schroder exhausted these issues in his direct appeal in the state courts. He filed a motion for postconviction relief under Wis. Stat. § 974.02. The motion was denied on August 19, 2010, and the Wisconsin Court of Appeals affirmed in its decision on December 28, 2011. Schroder's request for review was denied by the Supreme Court of Wisconsin. Respondent agrees that Schroder has exhausted his available state court remedies on the remaining grounds for relief and that his petition was timely filed. (Doc. 11 at 2, 4; Doc. 29 at 5.)

After Magistrate Judge Goodstein issued his screening order in this case,[3] Schroder and respondent filed briefs that were followed by Schroder's reply brief. Respondent submitted pertinent portions of the record including court transcripts from Schroder's change of plea hearing and Schroder's sentencing hearing. In addition, respondent provided copies of Schroder's correspondence with the state court and Schroder's motion for post-conviction relief.

Schroder asks for an evidentiary hearing, that his sentence be vacated and that a new trial be ordered.

STANDARD OF REVIEW AND STANDARD FOR EVIDENTIARY HEARING

A petition seeking a writ of habeas corpus may not be granted as to any claim that was adjudicated on the merits in state court unless the decision on that claim "resulted in

---

[3]Magistrate Judge Goodstein noted in his order that "ordinarily, a petitioner may challenge only a single state court judgment in a petition for a writ of habeas corpus . . . [h]owever, an exception exists for separate judgments rendered by the same court." Here, he found that the exception applies. (Doc. 5 at 1-2.)

a decision that was contrary to, or involved an unreasonable application of, clearly established" U.S. Supreme Court law or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state-court decision is "contrary to" Supreme Court law if the state court arrived at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decided the case differently than the Supreme Court on facts that are materially indistinguishable. *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000). A state court decision is an "unreasonable application" of Supreme Court law if the state court identified the correct governing legal principle but unreasonably applied that principle to the facts of the case. *Id*. at 407-09, 413. Importantly for this case, a state court's fact determinations are presumed correct and a petitioner must rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A federal court analyzing the "unreasonable application" prong of § 2254(d)(1) "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. This standard is a "substantially higher threshold" than whether the state court's determination was incorrect. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); see *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (stating that the standard of § 2254(d) is difficult to meet and highly deferential, demanding that state-court decisions receive the benefit of the doubt). As the Supreme Court has stated, if the standard of review in a habeas case

> is difficult to meet, that is because it was meant to be. . . . [A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.

3

*Harrington v. Richter*, 562 U.S. 86, 102-03 (2011).

The relevant state court decision is that of the last state court to review the issue. *Lucas v. Montgomery*, 583 F.3d 1028, 1030 (7th Cir. 2009). The standard of review in § 2254(d) applies even where the state court issued only a summary denial. *Cullen*, 563 U.S. at 187. In reviewing a summary denial, the habeas court must determine what arguments or theories could have supported the state court's decision and ask whether fair-minded jurists could disagree that those arguments or theories are inconsistent with a prior decision of the U.S. Supreme Court. *Id*. at 188.

Review under § 2254(d)(1) (the "contrary to" or "unreasonable application" provision) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 180-82. Because the deferential standards in § 2254(d) control, this court must take those standards into account when deciding whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. Any evidence that would be introduced in federal court would be irrelevant to review under § 2254(d)(1). *Cullen*, 563 U.S. at 184-85. If a claim has been adjudicated on the merits by a state court, the federal habeas petitioner must rely only on the record that was before the state court. *Id*.

When § 2254(d)(1) does not bar federal habeas relief—for instance when a claim was not adjudicated on the merits in state court—§ 2254(e)(2) permits an evidentiary hearing in limited circumstances. *Cullen*, 563 U.S. at 185-86. If the petitioner failed to develop the factual basis of a claim in state-court proceedings, the court may conduct an evidentiary hearing only if the petitioner shows that (1) the claim relies on either a new rule of constitutional law made retroactive to cases on collateral review or a factual predicate that could not have been previously discovered through the exercise of due diligence, and

4

(2) the facts underlying his claim would be sufficient to establish by a clear and convincing evidence that but for the constitutional error no reasonable fact-finder would have found him guilty. § 2254(e)(2).

## DISCUSSION

A.     Ineffective assistance of counsel

Schroder contends that numerous errors by two of his attorneys constituted ineffective assistance of counsel. To establish ineffective assistance of counsel a petitioner must show that counsel's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

For the performance prong of the *Strickland* test, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. Strickland permits latitude in permissible attorney conduct. *See id*. at 689. Judicial scrutiny is "highly deferential" and the court strongly presumes that counsel's conduct was reasonable. *Id*. The petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Id*. Counsel's performance must be evaluated from his or her perspective at the time; hindsight should not distort the evaluation. *Id*.

To demonstrate prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. This standard requires a substantial, not just conceivable, likelihood of a different result. *Cullen*, 563 U.S. at 189.

5

The state trial court rejected Schroder's ineffective-assistance-of-counsel claims on the merits without holding any hearing.[4] Because the state court addressed the merits of this argument, no hearing is allowed in this court under *Cullen*, notwithstanding that the trial court held no hearing. If on the record the Milwaukee County Circuit Court's decision[5] was not contrary to or an unreasonable application of U.S. Supreme Court law and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, Schroder's petition must be denied.

In its August 19, 2010, decision, the circuit court considered and rejected Schroder's ineffective-assistance-of-counsel arguments by applying the controlling standard of *Strickland*. (Doc. 1 at 2-5.) Thus, the decision is not contrary to Supreme Court authority.

Schroder contends that trial counsel (Attorney Cleghorn) was ineffective for a myriad of reasons, including failing to prepare a defense, failing to interview certain witnesses, failing to allow Schroder to view a piece of evidence (a DVD recording of the statement of one of the victims), and inadequate communication. As for Schroder's claim that counsel failed to prepare a defense, Judge Martens wrote that all of the claims against counsel "were virtually addressed by the evidentiary hearing held on defendant's motion to withdraw his pleas." (Doc 1. at 17.) During that hearing, held by Judge McMahon, Judge McMahon found as follows:

---

[4] Schroder argues that a hearing was required in state court regarding his ineffective assistance of counsel claim, but he points only to state-court cases (*see* Doc. 2 at 1), which provide no basis for federal habeas relief.

[5] The Wisconsin Court of Appeals decision of December 28, 2011, did not directly address this claim when affirming Schroder's conviction. However, the claim had been determined on the merits by the circuit court. By affirming the conviction, the Wisconsin Court of Appeals implicitly approved of the decision on the merits.

6

The defendant wanted a defense. But if there is no defense in fact, the attorney can't make it up.

The only defense is where the facts lead, and here the attorney said the defense was that he did not do it, that the State did not have sufficient evidence that he did it.

These witnesses the defendant wanted primarily would have no relevance but certainly not admissible testimony to offer assuming the description of their testimony as set forth on this record.

(Doc. 13-2 at 121-22.) Regarding Schroder's claim that counsel failed to interview certain witnesses, Judge Martens wrote that counsel

testified [in the evidentiary hearing held on defendant's motion to withdraw his pleas] that she had made attempts to contact Curt Lanhoff, one of the witnesses (the grandma's boyfriend in one case) which the defendant claims she failed to contact, but was told he wasn't living with the grandma at that house any more. She also testified she attempted to contact Roger Schroder by letter, another witness (defendant's brother) which the defendant wanted her to contact. She stated this witness was in state custody, and she did not receive a response from him. The court found that the evidence that the defendant wanted to present from these witnesses would not have been admissible in any case. These are just some of the examples which sufficiently address the defendant's current claims.

(Doc. 1 at 18 (internal citations omitted).) Regarding Schroder's claim that he was not allowed to view a DVD entered into evidence, Judge Martens pointed to the testimony of counsel from the evidentiary hearing: "Counsel testified that she tried on a number of occasions to get clearance from the jail to bring the DVD in, but could not do so." (Doc. 1 at 18.) In addressing Schroder's claim that he received inadequate communication from counsel, Judge Martens relied on the findings from the evidentiary hearing. During that hearing, Judge McMahon stated:

I realize that even now there is some disagreement as to how many letters Miss Cleghorn sent, how long she spent with the defendant; but there is no question she met with the defendant, there is no question that on the day of trial on that second day she met with him extensively and talked with him and went off these guilty plea questionnaires, a different one in each case.

7

On this record, I'm he [sic] satisfied there was sufficient time for the attorney, one, with her experience to be prepared; and I'm satisfied there is no evidence that she was not prepared. She had a very candid assessment of the case and the options that she had presented to the defendant.

(Doc. 13-2 at 122.)

In light of this discussion, the circuit court's decision did not constitute unreasonable application of *Strickland* to the facts. For example, the testimony of the witnesses that Schroder wanted interviewed by counsel would not have been admissible in the case. Moreover, Schroder cannot establish any prejudice nor can this court see any substantial likelihood of a different result.

Schroder contends that his next lawyer (Attorney Tanz) was ineffective for failing to resolve disputes regarding the presentence report prior to sentencing and for failing to file an interlocutory appeal after the denial of his motion to withdraw his no contest pleas. On this subject, Judge Martens wrote that "[a]ny inaccuracies [in the presentence report] are presented to the court at the time of sentencing. This was not ineffective assistance." (Doc. 1 attach. 1 at 5.) Regarding counsel's failure to file an interlocutory appeal, Judge Martens added that "Attorney Tanz cannot be found ineffective for failing to file an interlocutory appeal after the defendant's motion to withdraw his no contest pleas was denied. A review of the motion hearing satisfies the court that there is not a reasonable probability an interlocutory appeal would have been successful." (*Id.*)

Again, this court sees no unreasonable application of *Strickland*. Schroder puts forth no reason that an interlocutory appeal would have been successful. Nor has he established that waiting to address the inaccuracies in the presentence report until

8

sentencing resulted in any prejudice. During Schroder's sentencing, counsel brought the inconsistencies to the attention of the court and they were duly noted.

In summary, Schroder fails to establish ineffective assistance by either of his attorneys. As a result, the state court's rejection of these claims was not an unreasonable application of federal law.

Next, Schroder contends that counsel failed to inform him about the possibility of civil commitment as a result of his pleas. The Wisconsin Supreme Court has ruled that Chapter 980 commitment is not "enmeshed" in the criminal process. *State v. LeMere*, 2016 WI 41, ¶ 66, 368 Wis. 2d 624, 879 N.W.2d 580. And, according to that court, the Sixth Amendment does not require defense counsel to inform a client about the possibility of civil commitment, and failure to do so does not constitute ineffective assistance of counsel. *Id.*, ¶¶ 69, 71. The Wisconsin Supreme Court explained its decision as follows:

> [C]onviction of a sexually violent offense is a precondition to Chapter 980 commitment. But commitment is not an "integral part . . . of the penalty that may be imposed" on persons convicted of sexually violent offenses. Rather, it is a rehabilitative program that is unlikely to affect the vast majority of people convicted of qualifying offenses. In the rare event that the state does pursue Chapter 980 commitment, the state must prove the person's "dangerousness" in addition to the fact of the underlying conviction. Though future eligibility for Chapter 980 commitment may be a factor that a defendant considers when contemplating a plea, possible commitment requiring proof of dangerousness beyond a reasonable doubt is not part and parcel of a conviction or its resultant punishment.

*Id*, ¶ 66. The Wisconsin Supreme Court's finding that Chapter 980 proceedings are not part of state-law criminal process is authoritative regarding state law. Schroder's attorney, operating in a Wisconsin courtroom in a criminal case under Wisconsin law, did not perform deficiently regarding Schroder's criminal case by failing to advise Schroder about the possibility of civil commitment following conviction.

9

B.      A knowing and voluntary plea and denial of the motion to withdraw it

On January 15, 2008, the second day of trial, Schroder pleaded no contest to the two counts at issue in this case. He moved to withdraw the plea on March 17, 2008, stating that he did not have a full understanding of the charges against him and that he felt threatened into entering the plea. Judge McMahon held a hearing on August 4, 2008, and thereafter denied Schroder's motion to withdraw. Here, Schroder claims that he did not have a complete understanding of the charges against him or the elements that needed to be proved and should have been allowed to withdraw his plea before sentencing.

Regarding the knowing-and-voluntary requirements for Schroder's plea, the Wisconsin Court of Appeals wrote that

> Schroder's claims are directly contradicted by the record. During the plea colloquy, the circuit court explained the elements of the crimes to Schroder in detail. The circuit court also informed Schroder that "sexual contact is the intentional touching of an intimate part of the buttocks of the child for the purpose of sexual gratification." We therefore reject Schroder's argument that his pleas were no knowingly, intelligently and voluntarily entered because he did not have a complete understanding of the charges against him.

(Doc 11 Ex. E at 2.) The record supports the court of appeals' decision. During the plea colloquy, the court questioned Schroder as follows:

Q:      And you're entering a no contest plea so you are not contesting. You're conceding that there is sufficient evidence to prove you guilty beyond all reasonable doubt as to each element of each of these offenses; correct?

A:      Yes.

Q:      And in other words as to Jenna, that occurred, that sexual contact, there are only two elements; first, that you had sexual contact with her and that she's under the age of 16; correct?

A:      Yes.

10

Q:      And there is no question she's under the age of 16.
        And then the sexual contact was your touching her buttocks some time in July of 2006; correct?

A:      Yes.

Q:      And you heard her testify about that; correct?

A:      Yes.

Q:      Any questions about that charge?

A:      No.

Q:      And the other aspect of the element is sexual contact is [sic] the intentional touching of an intimate part of the buttocks of the child for the purpose of sexual gratification.
        Do you understand that?

A:      Yes.

Q:      That is the evidence that you would not contest; correct?

A:      Correct.

Q:      And the second charge relates to [K.B.], and that occurred on February 8, 2007; correct?

A:      Yes.

Q:      And that certainly there is no dispute [K.B.] is under the age of 16; correct?

A:      Yes.

Q:      And you touched [K.B.] on her buttocks and also on her breast area; correct?

A:      Yes.

Q:      And that is for the purpose of sexual gratification; correct?

A:      Yes.

11

Q:    And so those are the elements of each of these offenses.

(Doc 11 Ex. D at 14-55.)  At the conclusion of the plea colloquy, the court asked whether Schroder had any questions or if he would like to change any of his answers, to which Schroder responded "No."  (Doc. 11 Ex. D at 19.)  The court also questioned Attorney Cleghorn and asked whether she thought Schroder was making his pleas freely and voluntarily, to which she responded:  "I can say my client has a very good understanding of what is going on.  He took it upon himself to do simple research.  He had a vast knowledge of what was going on with the case as well as his defense."  (Doc. 11 Ex. D at 18.)  The court also asked Attorney Cleghorn whether she thought Schroder fully understood the offenses and the facts alleged, to which she responded affirmatively.  (Doc. 11 Ex. D at 18.)  The judge concluded that Schroder was "making a knowing and intelligent waiver of his rights and entering his pleas freely and voluntarily."  (Doc. 11 Ex. D at 19.)

As a consequence, nothing in the record supports Schroder's plea claim; instead, the record shows only that Schroder's final plea was made knowingly, intelligently, and voluntarily.

Notwithstanding his knowing and voluntary plea, Schroder maintains that his motion to withdraw the plea was improperly denied.  During the motion hearing, Schroder provided several reasons for withdrawal, including his belief that Attorney Cleghorn did not prepare a defense and pressured him to take a deal.  (Doc. 13 Tr. 2 at 29.)  The Wisconsin Court of Appeals summarized the circuit court's decision as follows:

> The circuit court denied the motion to withdraw the pleas before sentencing because Schroder's complaints about his attorney's performance were contradicted by his own statements during the plea colloquy.  Schroder told the circuit court during the plea colloquy that he was satisfied with his attorney's performance and that he did not feel pressured into entering the

12

pleas. The circuit court noted that Schroder had been given the opportunity during the colloquy to volunteer information, to ask questions, and to change any answers he had already given, but that he had not raised any concerns. The circuit court concluded that Schroder's motion for plea withdrawal was based on the fact that he changed his mind, which was not an adequate reason for the circuit court to allow him to withdraw his pleas. The circuit court also concluded that there would be prejudice to the State if Schroder were allowed to withdraw his pleas because the victims were very young, it would be traumatic for them to again face testifying at trial and the delay would likely affect their memory.

(Doc. 11 Ex. E at 3-4.) The Wisconsin Court of Appeals concluded that "[b]ecause the circuit court's decision was reasoned and reasonable, and based on the applicable law and the facts of record, . . . the circuit court properly exercised its discretion in denying the motion for plea withdrawal." (*Id.*)

This claim is closely related to Schroder's challenges to assistance of counsel and the voluntariness of his plea. Because those claims fail, Schroder cannot establish that he should have been allowed to withdraw his plea. The record supports the appellate court's decision. (*See* Doc. 13 Ex. Tr. 2.) Nothing suggests that this conclusion is contrary to or an unreasonable application of federal law.

C.     No violation of the plea agreement

Schroder contends that his plea agreement required that the prosecutor recommend a sentence of three to four years of confinement for both crimes, with the period of extended supervision left to the court, but the prosecutor violated that agreement by stating at sentencing that the court should decide "the appropriate amount of time." The Wisconsin Court of Appeals rejected this argument:

The sentencing transcript shows that the State urged the circuit court to impose three to four years of incarceration in accord with the plea agreement. The State's comment that the circuit court "would decide the appropriate amount of time" was simply an acknowledgment that the decision

13

was committed to the circuit court's discretion. Therefore, we reject Schroder's argument that the State violated the plea agreement.

(Doc. 11 Ex. E at 4.)

The facts support the appellate court's decision. The prosecutor's fuller statement shows that the phrase Schroder focuses on followed the state's recommendation in accord with the plea agreement. The prosecutor stated that Schroder "would have to serve the three to four years, whatever the Court would decide is the appropriate amount of time." (Doc. 31 Ex. AR 8 at 22.) As the Wisconsin Court of Appeals recognized, in context the phrase Schroder challenges merely recognized the court's authority to sentence as it thought appropriate, and even could be interpreted as suggesting only that the judge could sentence anywhere between three and four years. Further, additional statements before and after the statement Schroder cites made clear that the prosecutor was recommending three to four years. Just prior to the allegedly wrongful statement the prosecutor said: "I think that when the Court is balancing those things against each other, the three to four years the State is recommending is the appropriate amount of time." (Doc. 31 Ex. AR 8 at 21-22.) Afterward, the prosecutor gave several reasons for "why [she thought] the three to four years is essential." (*Id.* at 22-23.) Schroder's argument is not supported by the record and the state courts committed no constitutional error by rejecting it. For these reasons, this court finds no contrary or unreasonable application of federal law nor any unreasonable determination of the facts in light of the evidence presented.

D.     Assessed DNA surcharge and the PSI recommendation

Schroder claims that he was improperly assessed a DNA surcharge under Wis. Stat. § 973.046(1r). Further, he claims that it was improper for the sentence recommendation

14

in the presentence investigation report to differ from the prosecutor's sentence recommendation.

Section 2254(a) states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution." Neither of these claims allege a violation of the Constitution. The DNA surcharge matter involves only state law. And Schroder points to no basis in federal law (or state law) for the premise that a presentence report writer's recommendation must accord with the state's sentencing recommendation.

E.     Allegedly withheld evidence

Schroder claims that exculpatory evidence was withheld from him. Prior to the start of trial, Schroder's attorney was provided with a DVD copy of an interview of one of the victims. Schroder was not able to view the DVD because the prison would not let his attorney bring it into the facility. However, Schroder's attorney was able to view the DVD, which included the victim's interview which was shown at trial. As a result, this court is not persuaded that Schroeder's viewing of the DVD prior to trial would have led to a different outcome.

In addition, Schroder claims that the defense never requested nor was given a copy of the physical exam of one of the victims done by Child Protective Services or a DVD of Schroder's interrogation by the Greenfield Police Department. From the record, it does not appear that either of these pieces of evidence were going to be used by the State at trial. Schroder alleges that the withholding of these pieces of evidence constituted a violation of his due process rights.

15

Regardless, he pleaded no contest to both charges, and his no contest plea bars pursuit of this claim.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The guilty-plea bar recognized by the Supreme Court applies to all antecedent constitutional claims except those challenging the power of the court to bring a defendant before it at all, such as double-jeopardy or a jurisdictional challenge. *Haring v. Prosise*, 462 U.S. 306, 320 (1983).

The Seventh Circuit has held that a plea of no contest is equivalent to pleading guilty. "By pleading no contest, a defendant impliedly admits all allegations in the indictment. In this way, a no contest plea is indistinguishable from a guilty plea, in that it forecloses any opportunity to contest any alleged antecedent constitutional deprivations." *Gomez v. Berge*, 434 F.3d 940, 942-43 (7th Cir. 2006). Because Schroder pleaded no contest, this claim is barred.

CONCLUSION

For the above-stated reasons,

IT IS ORDERED that Schroder's petition for writ of habeas corpus is denied and the case is dismissed.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2016.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

16